No. 2402.—SUCCESSION OF LYDIA ROBINSON, deceased wife of John McClean.

| 23 | 17 |
| 124 | 230 |
| 124 | 233 |

If a judgment has been rendered by a competent court, adjudicating community property to a surviving spouse, and neither fraud nor spoliation is shown, its correctness can not be inquired into collaterally

The mortgage creditor whose registry has the priority of date, is entitled to be paid first out of the proceeds of the sale of the mortgage property.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *Budd & Grover* and *Breaux & Fenner*, for appellants. *G. Schmidt*, for appellee.

WYLY, J. In 1864, Lydia Robinson, wife of John McClean, died, leaving three minor children and a succession consisting only of her share of the community property. Her surviving husband was appointed natural tutor, and as such administered her succession.

On the twenty-first of October, 1867, the minors' share of the community property was adjudicated to their natural tutor, John McClean, at $5806 73, being the estimated value of half the community property, after deducting the community debts. To secure to the minors the sum due them under this adjudication, John McClean gave a special mortgage in due form, on twenty-fifth February, 1868.

On twenty-first May, 1868, Henry Bitters, claiming to be a creditor of the succession of Lydia Robinson, on account of a debt due him by the community which existed between her and her surviving husband, John McClean, instituted a proceeding under articles 993, 994 and 1057 of the Code of Practice, and obtained a writ of sale, under which all the real estate belonging to the community was sold, except that specially mortgaged to the minors.

The proceeds of this sale, to wit: $4444, form the subject of the present controversy.

Morris, Wheeler & Co. claim to be paid out of this fund, on the ground that they are creditors of this succession, because their debt was also a debt contracted by the community of which the deceased was a member. J. Dejean also filed an opposition to the application of this fund to these creditors of the succession on the ground that the proceeds do not belong to the succession of Lydia Robinson, being the price of the sale of the individual property of John McClean, upon which a judicial mortgage existed in his favor for the sum of $7087.

The court below maintained the rule of Dejean, and gave judgment in his favor for all the funds, after deducting the sheriff's costs.

From this judgment Henry Bitters and Morris, Wheeler & Co. have appealed.

The first question to consider is, was the adjudication of the property to John McClean an absolute nullity or not? If it was an absolute

nullity, of course the property sold belonged to the succession of Lydia Robinson, and her creditors are properly before the court demanding its proceeds.

If, on the other hand, it be not an absolute nullity, the property at the time of the sale did not belong to the succession of Lydia Robinson, and there are no funds of her succession to be distributed among her creditors.

There is no fraud or spoliation shown to have been practiced in obtaining the adjudication, and it was rendered, by a court of competent jurisdiction, on the advice of a family meeting.

We think the judgment was not an absolute nullity, and that it can not be attacked collaterally.

In Sanders v. Carson, Administratrix, 2 An. 394, it was held that the correctness of a judgment, adjudicating community property to a surviving spouse, rendered by a court of competent jurisdiction, in the absence of any proof of fraud or spoliation, can not be inquired into collaterally.

It has not been questioned in this case by a direct attack.

The adjudication therefore transferred the property to John McClean. The creditors of the succession of Lydia Robinson have nothing whatever to do with the funds derived from the sale of John McClean's property. He has not complained of the illegality of the sale; and the question is, whether J. Dejean has a greater right to the funds than Henry Bitters or Morris, Wheeler & Co., all being creditors of John McClean.

The judgment of Dejean was recorded prior to that of Morris, Wheeler & Co., and Henry Bitters does not appear to be a mortgage creditor.

We think Dejean, having the first mortgage on the property sold, is entitled to the funds.

Judgment affirmed.